FILED
2015 APR 22 P 1:21
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J. D. JORDAN, Pro Se

        Plaintiff

Initial Complaint in a Private Right of Action Suit

under 16 b of the Securities Act of 1934

Jury Trial Demanded

versus

**CV 15 1819 EJD NC**

JAY C. HOAG

TVC VII LP,

TCV VII (A),

TCV VII MEMBER FUND

AND EIGHT OTHER INDIVIDUALS TCV MEMBER

AND NETFLIX ,

        Defendants

Plaintiff, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

Page 1

## INTRODUCTION

1. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendants Hoag and partners while he was a director of Netflix and owner of convertible bonds and stock of Netflix.

2. Defendants Hoag, Technologies Crossover Adventures et al are located in Palo Alto, California at 528 Romano Street 94301

3. By virtue of his position as director and holder of $200,000,000 of Convertible bonds Hoag and his associates were at all relevant times and remained subject to strict liability provisions of Section 16(b).

4. Section 16(b) requires company insiders (and specifically, officers) to disgorge any profits earned through short-swing insider trading (i.e., purchases and sales, or sales and purchases, of the company's securities, within a six month period).

page 2

5. The Firm's common stock ("Common Stock") is registered with the United States Securities and Exchange Commission ("SEC") pursuant to Section 12 of the Exchange Act and the Common Stock trades on the New York Stock Exchange under the symbol NFLX.

6. Netflix is a necessary party as this action is brought by Plaintiff in order to obtain a recovery for the Firm.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

8. Venue is properly laid in this District because Defendants Jay C Hoag et al are located in this District.

## SUBSTANTIVE ALLEGATIONS

9. In a Form 4 filed with the SEC on Nov. 30, 2011, HOAG et al reported that they purchased $200,000,000 of convertible bonds on Nov, 28, 2011 with a conversion price of $85.79, when the stock was trading for $70.00.

page 3

10. According to its Indenture, the convertible bonds also gave the issuer Netflix the right to convert if the stock advanced to $130 of the exercise price and stayed above the $130 price for 45 consecutive days.

11. On April 23, 2013, Netflix converted the bonds into common stock. The conversion was reported on April 25, 2013 on an SEC Form 4 making Hoag et al an owner of an additional 2,331,000 shares of Netflix with the stock trading at approximately $215. The conversion by Netflix also cancelled Hoag's right to convert the Bonds. The conversion by Netflix also caused a purchase by Hoag et al for 16 b purposes. This purchase of 2,331,000 shares by Hoag was matched against the following sales in para 12 and 13.

12. On January 31, 2013 Hoag et al sold 344,317 shares owned prior to the conversion by Netflix, at $163.2 to take profits and reduce risk in anticipation that Netflix would in all probability convert the Convertible bonds. This sale was reported on the SEC Form 4 and was within 6 months of the "purchase" by Hoag et al caused by the Netflix conversion.

page 4

13. On April 25, 2013 Hoag et al sold 450,000 shares at $215.9 after Netflix converted the bonds. Hoag's purpose was to take profits and reduce risk. This sale was reported on the SEC form 4 on April 29,2013.

The total profits earned by Hoag et al for matched purchases and sales in violation of 16 b equals approximately $85,000,000.

## ALLEGATIONS AS TO DEMAND

The $85,000,000 is recoverable by Netflix pursuant to section 16 b of the Securities Act of 1934. Netflix have been notified of the 16 b violations by a 60 day letter months ago and have refused to seek recovery

## BASIS FOR INFORMATION AND BELIEF

14. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced here.

Page 5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Hoag et al in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

DATED this 20th day of April, 2015.

Respectfully Submitted

*[signature]*

J.D. Jordan, Pro Se.
Box 23866
New Orleans
Louisiana 70183
504-737-3854

Page 6