UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. D. JORDON,<br><br>        Plaintiff,<br><br>    v.<br><br>JAY C. HOAG, et al.,<br><br>        Defendants. | Case No.   5:15-cv-01819-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

Plaintiff J.D. Jordan ("Plaintiff") brings the instant action under Section 16(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") to recover "short-swing" profits he alleges were recovered by Defendants Jay C. Hoag ("Hoag"), TCV VII L.P., TCV VII (A), L.P., and TCV Member Fund, L.P. (the "TCV Defendants") from transactions in securities issued by Netflix, Inc. ("Netflix"). Hoag and the TCV Defendants move to dismiss Plaintiff's First Amended Complaint (FAC"). Dkt. No. 38.

Although several arguments have been presented in the motion, only one can be addressed at this time. The motion must be granted and the FAC must be dismissed because Plaintiff has not yet established standing to bring this case.

**I.    BACKGROUND**

Netflix is a Delaware corporation with its principal offices in Los Gatos, California. FAC, at ¶11. It "provides broadcasting and cable TV services worldwide," and its common stock is registered with the United States Securities and Exchange Commission ("SEC"). Id. Netflix common stock trades on the NASDAQ. Id.

Plaintiff is a shareholder of Netflix. Id. at ¶ 6. As already stated, Plaintiff filed this action

1
Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

"in order to recover short-swing insider trading profits" allegedly realized by Hoag and the TCV Defendants in violation of Section 16(b) of the Exchange Act. Id. at ¶ 1. Hoag is the former director of Netflix and, as such, is a statutory insider of that company. Id. at ¶ 2.

According to Plaintiff, Hoag was, in addition to a Netflix director, a "Class A Director of non-party Technology Crossover Management VII, Ltd., a limited partner of non-party Technology Crossover Management VII, L.P. and a limited partner of defendant TCV Member Fund[,L.P]." Id. at ¶ 3. Technology Crossover Management VII, L.P. is the general partner of defendant TCV Member Fund, L.P., and as a result, Plaintiff alleges that Hoag "beneficially owns the securities held" by the TCV Defendants, thereby making the TCV Defendants subject to Section 16(b). Id.

Plaintiff states that on November 30, 2011, the TCV Defendants reported to the SEC a purchase of $200,000,000 aggregate principal amount of "Zero Coupon Senior Convertible Notes Due 2018" (the "Notes") from Netflix. Id. at ¶ 16. The Notes contained an "embedded feature" that provided the TCV Defendants with the right to convert the Notes into 2,331,000 shares of stock at the conversion rate of 11.6533 shares per $1,000 principal amount of the Notes, "which is equivalent to a conversion price of approximately $85.80 per share of common stock." Id. ¶ 17. Additionally, per the Notes' Indenture, Netflix retained the right or discretion to convert the Notes into common stock if (1) Netflix common stock advanced above 130% of the effective conversion price and stays above 130% of the effective conversion price for at least 50 days; and (2) six months from the initial purchase had passed. Id. at ¶ 19.

Thereafter, the TCV Defendants sold 344,317 shares of Netflix common stock on January 31, 2013, while the shares were trading at $163.20 per share. Id. at ¶ 20. And on April 23, 2013, upon satisfaction of the conditions, Netflix exercised its right to convert the Notes into shares of common stock at a conversion price of $85.80 per share. Id. at ¶ 21. At that time, Netflix common stock was trading at approximately $215 per share. Id. at ¶ 22. Plaintiff alleges that Netflix's election to convert the Notes "made the TCV Defendants the new owners of an additional 2,331,000 share of Netflix" and "stripped" the TCV Defendants of their right to convert

the Notes, such that the TCV Defendants "purchased" the stock on that date. Id. at ¶¶ 22, 24.

Plaintiff further alleges that the TCV Defendants sold $450,000 shares of Netflix common stock for $215.90 per share and that, as a result of these purchases and sales that occurred within six month of each other, the TCV Defendants earned profits of approximately $85,000,000. Id. at ¶¶ 25, 26.

Plaintiff initiated this action on April 22, 2015. He filed an amended complaint on July 24, 2015. This motion followed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### III. DISCUSSION

"Congress passed § 16(b) of the 1934 Act to 'prevent the unfair use of information which may have been obtained by [a] beneficial owner, director, or officer by reason of his relationship to the issuer.'" Gollust v. Mendell, 501 U.S. 115, 122 (1991) (quoting 15 U. S. C. § 78p(b)). Consequently, Section 16(b) permits the issuer to recover any profit realized by an "insider" from "any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months." 15 U.S.C. § 78p(b); Strom v. United States, 641 F.3d 1051, 1056 (9th Cir. 2011) ("Section 16(b) of the Securities Exchange Act of 1934 . . . is a prophylactic rule prohibiting corporate insiders from profiting on 'short-swing' securities trades - specifically, on a purchase and a sale of their company's securities made within any period of less than six months.").

Section 16(b) also describes who can seek disgorgement under its provisions. "Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter . . . ." 15 U. S. C. § 78p(b); Gollust, 501 U.S. at 122 ("It is, rather, the security holders of an issuer who have the ultimate authority to sue for enforcement of § 16(b)."). Thus, if the action is not instituted by the issuer, a Section 16(b) plaintiff must satisfy two conditions at the time an action is commenced: (1) the plaintiff must own a "security," and (2) the plaintiff must own a security of the "issuer" whose stock was traded by the insider defendant. Gollust, 501 U.S. at 123-24. Such ownership is necessary for the plaintiff to demonstrate a financial interest in the outcome sufficient to satisfy the "case or controversy" requirement for standing under Article III of the Constitution. See id. at 125.

In the original complaint, Plaintiff did not allege any facts supporting his ability to bring this action. In the FAC, Plaintiff alleges only that "he is a shareholder of Netflix." FAC, at ¶ 6. Hoag and the TCV Defendants argue that Plaintiff has not, in either of his pleadings, pled the facts necessary to support standing to bring this action under Section 16(b) of the Exchange Act.

The court must address the issue Plaintiff's standing before all others because it may provide or preclude subject matter jurisdiction. Bates v. UPS, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to [] subject matter jurisdiction."). Facts showing standing must be clearly apparent on the face of the complaint. Baker v. United States, 722 F.2d 517, 518 (9th Cir. 1983). "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990). Moreover, "standing cannot be inferred argumentatively from averments in the pleadings." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

Here, Plaintiff's allegations are deficient to show standing for a claim under Section 16(b). As explained above, Plaintiff's obligation is to demonstrate he was the owner of a Netflix security when he initiated this case on April 22, 2015. See Gollust, 501 U.S. at 123-24. He did not do so in the original complaint and did not sufficiently clarify the standing allegations in the FAC. Indeed, all that is known is that Plaintiff was a Netflix shareholder on July 24, 2015, the date the FAC was filed. That is insufficient for the court to assure itself of subject matter jurisdiction to entertain this action further.

## IV.  ORDER

Based on the foregoing, the motion to dismiss is GRANTED. The FAC is DISMISSED WITH LEAVE TO AMEND for lack of standing.

Any amended complaint must be filed on or before **April 15, 2016**, and must be consistent with the discussion above. Plaintiff is advised that, although leave to amend has been permitted, he may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

In addition, Plaintiff is advised that the court may dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline designated herein.

The Case Management Conference scheduled for April 7, 2016, is CONTINUED to **10:00 a.m. on July 7, 2016.** The parties shall file a Joint Case Management Conference Statement, or

separate statements if appropriate under Civil Local Rule 16-9, on or before **June 30, 2016.**

**IT IS SO ORDERED.**

Dated:  March 25, 2016

EDWARD J. DAVILA
United States District Judge

6
Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS