UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.D. JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>JAY C. HOAG, et al.,<br><br>    Defendants. | Case No. 5:15-cv-01819-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 71 |

Plaintiff J.D. Jordan, appearing pro se, brings this action under Section 16(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") to recover "short-swing" profits he alleges were recovered by Defendants Jay C. Hoag, TCV VII L.P., TCV VII (A), L.P., and TCV Member Fund, L.P. (the "TCV Defendants") from transactions in securities issued by Netflix, Inc. Defendants move to dismiss. Defendants' motion will be granted.

## I. BACKGROUND

Jordan alleges that Netflix stock was trading at $69.50 on November 28, 2011. Second Am Compl. ("SAC"), Dkt. No. 69. On that date, Hoag and the TCV Defendants purchased a "200,000,000 zero interest rate convertible note," which Jordan contends gave Hoag and the TCV Defendants an option to convert it to 2,331,060 shares of Netflix stock, known as a "call equivalent position."[1] The convertible note also gave Netflix an option to convert, which was not a

---

[1] A "call equivalent position" is "a derivative security position that increases in value as the value of the underlying equity increases, including, but not limited to, a long convertible security, a long

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

1    " 'put equivalent position' until March 15, 2013, when its value would increase if the stock decreased." Jordan alleges that Hoag and the TCV Defendants could exercise the call at any time after purchase, so long as they did so before Netflix's conversion. If they did so, it would cancel Netflix's option to convert; if Netflix did so, it would cancel the option of Hoag and the TCV Defendants.

Jordan alleges that Hoag and the TCV Defendants sold 344,713 shares of Netflix stock on January 31, 2013. He also alleges that when Netflix's "put equivalent position" was established on March 15, 2013, that event also established a "short put position" for Hoag and the TCV Defendants. Based on that allegation, Jordan avers that Hoag and the TCV Defendants purchased a second "call equivalent position" on March 15, 2013.

Jordan alleges that Netflix exercised its option to convert on April 22, 2013, and Hoag and the TCV Defendants acquired 2,331,060 shares of Netflix stock as a result on April 23, 2013, which Jordan alleges constitutes another purchase. Hoag and the TCV Defendants then sold 450,000 shares of Netflix stock on April 25, 2016, and realized a profit of $85 million.

Based on these allegations, Jordan contends that January 31st sale of stock can be "matched" with the "call equivalent position" established on March 15, 2013, as well as the acquisition of Netflix stock on April 22, 2016. He also alleges the April 23rd stock acquisition can be "matched" with the sale on April 25, 2016. Jordan believes that this conduct violates Section 16(b) of the Securities Exchange Act of 1934, and that Hoag and the TCV Defendants are required to disgorge the profits they earned from this "short-swing insider trading."

Defendants now move to dismiss. Defs.' Mot. to Dismiss ("MTD"), Dkt. No. 71.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.

---

call option, and a short put option position." 17 C.F.R. § 240.16a-1(b)

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**III. DISCUSSION**

Section 16(b) of the Exchange Act provides that "any profit realized by [a 10% owner, director, or officer] from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer." 15 U.S.C. § 78p(b). Section 16(b) "shall not be construed to cover . . . any transaction or transactions which the [SEC] by rules and regulations may exempt as not comprehended within the purpose of this subsection." Id.

Jordan concedes that the November 28, 2011 transaction was a "deemed purchase" of the underlying shares. Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n") 8, Dkt. No. 76; Defs.' Reply in Support of Mot. to Dismiss ("Reply") 2, Dkt. No. 77. Jordan further argues that Defendants purchased the same shares again on March 15, 2013, and once again on April 23, 2013. Opp'n 18–20; Reply 5.

Defendants reply that they entered into a single transaction with Netflix—on November 28, 2011—"involving a single Notes Purchase Agreement for the purchase and sale of the Convertible Notes, the terms of which were governed by a single Indenture." Reply 2–3. Defendants argue that "where, as here, a single agreement creates integrated put options and call options, such that the exercise of either option would cancel the other, a Section 16 plaintiff may not 'deconstruct[ the] integrated put[s] and call[s] into their separate parts' and analyze them as separate, stand-alone options in order to establish Section 16(b) liability." Reply 3 (quoting Olagues v. Icahn, 1:15-cv-0898-GHW, 1:15-cv-2476-GHW, 1:15-cv-2478-GH, 2016 WL 1178777, at *4 (S.D.N.Y. Mar. 23, 2016)); see also Portnoy v. Memorex Corp., 667 F.2d 1281,

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

1283 (9th Cir. 1982) (holding that a plaintiff may not "recast the actual transaction into [a] hypothetical one in order to create a liability under § 16(b)."). In other words, Defendants "purchased" Netflix shares when they acquired the Convertible Notes on November 28, 2011—but not when they later acquired those shares under the Mandatory Conversion.

The Court agrees with Defendants' position. Because no "purchase" occurred after November 28, 2011, Plaintiff has not stated a claim that Defendants purchased Netflix common stock within less than six months of any alleged sale of Netflix common stock. See 15 U.S.C. § 78p(b) (providing for recovery of profits "from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months"). Accordingly, Plaintiffs' complaint must be dismissed.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to amend. Jordan shall file an amended complaint by **October 20, 2017**.

**IT IS SO ORDERED.**

Dated: September 20, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4