United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. D. JORDON,<br><br>    Plaintiff,<br><br>v.<br><br>JAY C. HOAG,<br><br>    Defendant. | Case No. 5:15-cv-01819-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 105 |

Plaintiff J.D. Jordan brings this action under Section 16(b) of the Securities and Exchange Act of 1934 to recover "short-swing" profits he alleges were realized by Defendants Jay C. Hoag, TCV VII L.P., TCV VII (A), L.P., and TCV Member Fund, L.P. from transactions in securities issued by Netflix, Inc. As they have twice previously, Defendants move to dismiss the Third Amended Complaint ("TAC"). Dkt. No. 105. Plaintiff opposes.

This matter is suitable for decision without oral argument, and the hearing scheduled for March 8, 2018, will be vacated. Civ. L.R. 7-1(b). Because Plaintiff's latest attempt to plead a Rule 16(b) claim remains deficient, Defendants' motion will be granted for the reasons explained below.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a shareholder of Netflix. TAC, at ¶ 5. He alleges it is "100% certain that on November 28, 2011, the Hoag Group purchased a $200,000,000 Non Interest bearing Convertible Note." Id. at ¶ 13. This Note had two provisions: "[o]ne which gave Hoag et al a right to purchase from Netflix 2,331,060 hare for $85.7979 each, using the $200,000,000 paid for the note as payment for the exercise price." Id. This option is known as a "call equivalent position." Id.

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

Plaintiff alleges the second provision, operative as of March 15, 2013, was a "put equivalent position" owned by Netflix. Id. at ¶ 14. "This provision allowed Netflix to require Hoag et al to buy the 2,331,060 shares for $85.7979 if in the future, Netflix stock rose more than $42.00 from the price at which it was trading on November 28, 2011, which was $69.75." Id.

According to the TAC, Netflix exercised its option on April 23, 2013, when the stock was trading for approximately $183, "requiring that Hoag et al 'purchase'" the shares. Id. at ¶¶ 10, 43. "The exercise by Netflix cancelled Hoag et al's right to convert." Id.

Plaintiff contends the exercise of Netflix's option violated Rule 16(b) because it is "matchable" to another transaction by Hoag and his affiliates. Id. at ¶ 45. He alleges it is "100% certain that there were non exempt sales of 344,700 share by the Hoag group on January 31, 2013 for $163.00 per share and sales of 450,00[0] shares at $215.75 per share on April 25, 2013." Id. at ¶ 46. "These two sales when matched with 794,700 of the 2,331,060 acquisition on April 23, 2013 resulted in a profit of approximately $85,000,000." Id.

Plaintiff filed this action in 2015 "in order to recover short-swing insider trading profits" allegedly realized by Hoag, and amended his complaint on July 24, 2015. The court dismissed the amended complaint for failure to allege standing. Dkt. No. 65. The second amended complaint was later dismissed for failure to state a plausible claim. Dkt. No. 101. Plaintiff filed the TAC on October 18, 2017. Dkt. No. 102. This motion followed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### B. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. But pro se parties must still abide by the rules of the court in which they litigate. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

### C. Leave to Amend

Leave to amend a pleading is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). But it is not a never-ending privilege. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Leave to amend may also be denied for "failure to cure deficiencies by amendments previously allowed." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

"Congress passed § 16(b) of the 1934 Act to 'prevent the unfair use of information which may have been obtained by [a] beneficial owner, director, or officer by reason of his relationship to the issuer.'" Gollust v. Mendell, 501 U.S. 115, 122 (1991) (quoting 15 U. S. C. § 78p(b)). Consequently, Section 16(b) permits the issuer to recover any profit realized by an "insider" from "any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months." 15 U.S.C. § 78p(b); accord Strom v. United States, 641 F.3d 1051, 1056 (9th Cir. 2011) ("Section 16(b) of the Securities Exchange Act of 1934 . . . is a prophylactic rule prohibiting corporate insiders from profiting on 'short-swing' securities trades - specifically, on a purchase and a sale of their company's securities made within any period of less than six months.").

A rule 16(b) plaintiff must plausibly plead four elements to overcome a motion to dismiss: "(1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period." Strom, 641 F.3d at 1060 (quoting Simmonds v. Credit Suisse Sec. (USA) LLC, 638 F.3d 1072, 1087 (9th Cir. 2011)).

As they did previously, Defendants argue Plaintiff's theory fails under the Rule 16(b) rubric because it assumes Defendants did not acquire the shares subject to the convertible note on

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

the date of purchase in 2011, when Plaintiff alleges they established a "call equivalent position," but instead acquired them when Netflix's "put equivalent position" became effective on March 15, 2013, and then again when Netflix exercised its option on April 23, 2013. The court previously dismissed these allegations as implausible. They remain so.

The Ninth Circuit has held that "unvested securities are acquired, and thus 'purchased' under § 16(b), when *granted*," not at the time they vest. Id. at 1062 (emphasis in original); see also 17 C.F.R. § 240.16b-6(a) ("The establishment of . . . a call equivalent position . . . shall be deemed a purchase of the underlying security for purposes of section 16(b) of the Act. . . ."). So has the Second Circuit. See Olagues v. Icahn, 866 F.3d 70, 76 (2d Cir. 2017) ("[A]lthough the Icahn Entities acquired millions of shares upon exercise of the call options, the exercise of a fixed-price option is a 'non-event' for 16(b) purposes."). The TAC is consistent with this concept: Plaintiff unequivocally alleges that Defendants' "purchase of the note with the 'call equivalent position' was 'deemed a purchase' for 16b purposes." TAC, at ¶ 10.

The out-of-circuit authority relied on by Plaintiff do not establish otherwise. The Second Circuit case cited in the TAC, which Plaintiff claims to "follow," plainly holds "that the acquisition of a fixed-price option - rather than its exercise - is the triggering event for Section 16(b) purposes." Magma Power Co. v. Dow Chem. Co., 136 F.3d 316, 321-22 (2d Cir. 1988). "Under this rule, the acquisition or disposition of a derivative security with a fixed exercise price is treated just as if the insider had traded the underlying security itself." Id. at 322.

With the concession in the TAC, and in light of Strom, Plaintiff has not succeeded in establishing a factually-plausible Rule 16(b) claim in the TAC. Since Defendants "purchased" the shares when they acquired the convertible notes and not when note's options vested or were exercised, the subsequent sales in 2013 cannot be matched with the non-exempt purchases identified in the TAC. Plaintiff's attempt to manufacture a Rule 16(b) claim by reclassifying these later events as "purchases" of the same shares is ineffective.

For these reasons, the TAC will be dismissed. This dismissal will be without leave to amend since allowing an additional opportunity to amend would be futile under these

Case No.: 5:15-cv-01819-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

circumstances. Indeed, Plaintiff failed to remedy the fatal deficiency for which his prior complaint was dismissed.

## IV. ORDER

The Motion to Dismiss (Dkt. No. 105) is GRANTED. The TAC is DISMISSED WITHOUT LEAVE TO AMEND. The hearing scheduled for March 8, 2018, is VACATED. Judgment will be entered in favor of Defendants and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: February 22, 2018

EDWARD J. DAVILA
United States District Judge